IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH JERMAINE WHIGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv387-TMH |
| ) | (WO) |
| KEITH REED, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On February 24, 2009, the petitioner, Kenneth Jermaine Whigham ("Whigham"), pled guilty in the Houston County Circuit Court to charges of violating the Alabama Community Notification Act ("the ACNA"), § 15-20-26(a), Ala. Code 1975, by residing within 2,000 feet of a child care facility after having been convicted of a sex offense.[1]  Also on February 24, 2009, Whigham pled guilty in the Houston County Circuit Court to violating § 15-20-23.1 of the ACNA, by failing to provide notice of his intent to change his employment after

---

[1] When Whigham pled guilty in February 2009, § 15-20-26(a) provided, in pertinent part, that "no adult criminal sex offender shall establish a residence or any other living accommodation or accept employment within 2,000 feet of the property on which any school or child care facility is located."  Subsection (a) has since been amended to provide that a "school" shall include, but not be limited to, "an elementary or secondary school and a college or university."  Whigham is classified as an adult criminal sex offender under the ACNA based on his 1994 conviction in Alabama for second-degree sodomy.

having been convicted of a sex offense.[2] On the same date that Whigham entered his guilty pleas, the trial court sentenced him to 15 years in prison for each offense, the sentences to run concurrently. Whigham did not appeal from his convictions and sentences or file any post-conviction petitions in state court challenging the validity of his convictions and sentences.

On or around April 29, 2009, Whigham initiated this 28 U.S.C. § 2254 action by filing a petition for a writ of habeas corpus asserting the following claims:

1. The courts in Houston County and his lawyer "refused to investigate the reason why I should no longer have to register as a sex offender in the State of Alabama."

2. He should not have been tried as an adult in his 1994 conviction for second-degree sodomy, but instead should have been tried in Alabama's juvenile court system.

(*Doc. No. 1.*)

The respondents argue that Whigham's claims present questions of state law only and do not raise issues of constitutional dimension for federal habeas corpus purposes. (*Doc. No. 5, pp. 4-5.*) In addition, the respondents argue that Whigham's claims are procedurally barred from review because he failed to present the claims to the state courts in accordance with the State's procedural rules and, specifically, failed to exhaust his claims by filing a

---

[2]Section 15-20-23.1 provides in pertinent part that "[i]f an adult criminal sex offender intends to change his or her place of employment, he or she shall submit a notice of intent to do so to the sheriff of the county and the chief of police of the municipality in which he or she is then employed and to the sheriff of the county and chief of police of the municipality in which he or she intends to be employed, if such are different, at least seven days prior to beginning employment at the new location."

direct appeal or seeking post-conviction relief. (*Id. at pp. 5-7.*) Whigham was afforded an opportunity to reply to the respondents' arguments (*see Doc. No. 6*), but failed to do so.

Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied.

## II.   DISCUSSION

*A.   Failure to Present a Federal Question*

Whigham's first asserted ground for habeas relief is that "[t]he courts here in Houston County and my lawyer refused to investigate the reason why I should no longer have to register as a sex offender in the State of Alabama." (*Doc. No. 1, p. 5.*) He presents no additional facts or arguments in support of this claim and, in asserting this claim, does not suggest why he should not have been considered a sex offender under Alabama law. Whigham's second asserted ground for habeas relief is that he should not have been tried as an adult in his 1994 conviction in Alabama for second-degree sodomy, which was the prior sex-offense conviction that resulted in his convictions in 2009 for violations of the ACNA. (*Id., p. 7.*) In support of this claim, Whigham states only that "I was 18 yrs old when I caught my original charge of Sodomy II in 1994 in Dale County Court"and that "[t]his was my first charge ever, no juvenile record[, and] I should have been tried in the juvenile system but I was tried in the adult system." (*Id., p. 8.*)

3

When Whigham's claims are read together, it appears that his chief argument underlying his claims is that he should not have been tried as an adult for his 1994 sodomy conviction – and therefore should not subsequently have been considered an "adult criminal sex offender" for purposes of the ACNA – because he had no prior criminal or juvenile record when he was charged for the 1994 offense and was eligible (although not required) to be tried in the juvenile system of Alabama's courts. This court agrees with the respondents' contention that Whigham's claims arise solely under the purview of state law and do not implicate the Constitution. "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes." *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). A state's interpretation of its own laws or rules provides no basis for federal constitutional habeas relief, since no question of a constitutional nature is involved. *See Hunt v. Tucker*, 93 F.3d 735, 737 (11th Cir. 1996); *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Consequently, Whigham is not entitled to any relief with respect to his claims.

### B.   *Procedural Default*

Even if one or both of Whigham's claims were deemed to raise issues of a constitutional dimension, he would nevertheless be due no relief. As indicated above, the

respondents argue that Whigham's claims are procedurally defaulted because Whigham failed to present the claims to the state courts in accordance with the State's procedural rules. (*See Doc. No. 5.*) "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the State's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Whigham did not appeal from his convictions and sentences or file any post-conviction petitions in state court challenging the validity of his convictions and sentences. Therefore, he failed to exhaust his claims in the state courts. Moreover, because any attempt by Whigham to return to the state courts to exhaust his claims would now be untimely or otherwise barred by the State's procedural rules, his claims are procedurally defaulted for purposes of federal habeas review. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005); s*ee also, e.g., Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

This court may reach the merits of Whigham's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a

5

procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Whigham makes no attempt to meet his burden of establishing cause for his procedural default. Consequently, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an

extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction

of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Whigham fails to make the requisite showing, and indeed makes no attempt to do so. He presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Whigham (*Doc. No. 1*) be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before April 6, 2011, the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

Done this 23rd day of March 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE